J-S50021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY SHONDELL HASKINS | |
| Appellant | No. 1519 MDA 2015 |

Appeal from the Order Entered August 4, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No: CP-22-CR-0003972-2010

BEFORE:  MUNDY, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 22, 2016**

Appellant Anthony Shondell Haskins appeals from the August 4, 2015 order of the Court of Common Pleas of Dauphin County, which denied his request for collateral relief under the Post Conviction Relief Act (the "Act"), 42 Pa.C.S.A. §§ 9451-46.  Upon review, we affirm.

On April 11, 2011, Appellant entered into a negotiated guilty plea to possession with intent to deliver a controlled substance (crack cocaine), flight to avoid apprehension, and unlawful possession of drug paraphernalia.[1]  The trial court sentenced Appellant to an aggregate term of twelve to twenty-four months' imprisonment to run consecutively with a

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. § 5126(a), and 35 P.S. § 780-113(a)(32).

sentence of eight to sixteen years' imprisonment at docket number 3755-2008. Appellant did not file a direct appeal. On April 2, 2012, Appellant petitioned for collateral relief, asserting a plethora of ineffective assistance of counsel claims. The PCRA court appointed counsel, who filed an amended PCRA petition on July 2, 2014. Following a hearing, the PCRA court denied Appellant's petition, concluding that his trial counsel did not render ineffective assistance. Appellant timely appealed to this Court.

On appeal,[2] Appellant raises a single issue for our review: "Was Appellant's waiver of counsel constitutionally inadequate?" Appellant's Brief at 6.

Preliminarily, we must note that Appellant's issue on appeal fails for two reasons. First, as the Commonwealth points out, and our review of the record confirms, Appellant failed to raise the waiver of counsel issue before the PCRA court. As a result, because he asserts this issue for the first time on appeal, it is waived. **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Second, even if Appellant had asserted the waiver of counsel issue before the PCRA court, he still would not have been able to obtain relief because he

---

[2] "In PCRA proceedings, an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact and law, the standard of review is whether the PCRA court's findings are supported by the record and free of legal error." **Commonwealth v. Pitts**, 981 A.2d 875, 878 (Pa. 2009) (citation omitted).

could have raised this issue on direct appeal. Indeed, under the PCRA, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal[,] or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b); *see Commonwealth v. Ford*, 809 A.2d 325, 329 (Pa. 2002) (holding that petitioner's claims of trial court error, constitutional error, and prosecutorial misconduct, which could have been raised on direct appeal but were not, were waived under the PCRA); *see also Commonwealth v. Mitchell*, 105 A.3d 1257, 1288-89 (Pa. 2014) (noting that failure to raise a claim that was available on direct appeal waives the claim for purposes of collateral review).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/22/2016